BC



RECEIVED

8/4/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EK

**United States District Court**
**Northern District of Illinois**
**Eastern Division**

| | |
|---|---|
| JACOB MAYER PODELL, | |
| Plaintiff, | |
| v. | No. [] |
| LEE MICHAEL ZELDIN, Administrator, U.S. Environmental Protection Agency, | Judge [] <br> Magistrate Judge [] |
| Defendant. | |

1:26-cv-09368
Judge Edmond E. Chang
Magistrate Judge Maria Valdez
RANDOM / CAT 2

## COMPLAINT

### Introduction

1. Plaintiff Jacob Mayer Podell was fired from his government job in February 2025 as part of the mass firing of "probationary" employees across the federal government.

2. Not every probationary employee (i.e., employees purportedly subject to firing en masse) in Plaintiff's office was fired. Every straight man was not fired; they were the only ones not fired.

3. The only material difference between the employees who were not fired and Plaintiff is that they are straight, while plaintiff is gay.

4. Because sexual orientation was the only difference between Plaintiff and the employees who were not fired, Plaintiff brings this suit for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

**Parties**

5. Plaintiff is a natural person and a resident and citizen of the State of Illinois.

6. Plaintiff is a gay man.

7. Defendant Lee Michael Zeldin is the Administrator of the United States Environmental Protection Agency and is the proper defendant in this action under 42 U.S.C. § 2000e-16(c).

**Jurisdiction**

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

**Facts**

9. EPA hired Plaintiff on September 24, 2023.

10. Plaintiff worked as an Attorney–Advisor in EPA Region 5's Office of Regional Counsel.

11. Plaintiff worked at 77 W. Jackson Blvd., Chicago, IL 60604. This is in the Northern District of Illinois.

12. EPA terminated Plaintiff's employment on February 14, 2025.

13. EPA said it terminated Plaintiff's employment because Plaintiff was a probationary employee who had not fully demonstrated he was qualified for continued employment.

14. Within the Region 5 Office of Regional Counsel, EPA fired a total of 5 people, including Plaintiff.

15. All fired probationary employees in the Office were either women or gay.

16. The Office had two other probationary employees. EPA did not fire them. They are both straight men.

17. Thus, from the pool of probationary employees, EPA fired only those were not straight or not men.

18. The fired probationary employees and the ones who were not fired all had the same job and responsibilities.

19. Both straight men who were not fired had similar professional backgrounds as Plaintiff:

   a. One had gone to the same law school as Plaintiff and graduated a year after him.

   b. Another had worked with Plaintiff prior to EPA in a federal clerkship; indeed, they had identical post-law-school resumes (clerkship and then EPA), except that the employee who was not fired had one less year of experience.

20. EPA's purported reasons for firing Plaintiff (failing to demonstrate his qualifications) are pretextual:

    a. Plaintiff received two performance reviews during his time at EPA. Plaintiff received "effective" ratings in all categories.

    b. No one in management at the Office told Plaintiff that his performance was deficient enough to warrant termination.

    c. Plaintiff's "program clients" (EPA scientific and technical staff who Plaintiff represented in enforcement actions) reported to Plaintiff and their management that Plaintiff was a competent and professional attorney.

21. EPA fired Plaintiff two weeks before a preplanned vacation—his honeymoon, as it were. Because of the sudden loss of income, Plaintiff was unable to go on the vacation, and as a result, forfeited a nonrefundable hotel deposit of $120.45.

22. EPA rescinded Plaintiff's employment termination on March 16, 2025, pursuant to a court order.

23. EPA then placed Plaintiff on administrative leave. EPA backdated the leave to February 14, the day it said it terminated his employment. EPA did this for only the women and gay probationary employees. It did not place the two straight men probationary employees on administrative leave.

24. EPA paid Plaintiff backpay from February 14, the date of termination, through March 16, the date it rescinded the termination. EPA resumed paying Plaintiff's regular salary post-rescission.

25. Plaintiff resigned from EPA on April 9, 2025.

**Exhaustion of Administrative Remedies**

26. On March 31, 2025, Plaintiff contacted an EPA Equal Employment Opportunity counselor.

27. Counseling did not resolve Plaintiff's complaint of discrimination. On May 23, 2025, Plaintiff received a Notice of Final Interview and Right to File a Discrimination Complaint.

28. On May 24, 2025, Plaintiff filed a formal administrative complaint with EPA.

29. On May 7, 2026, EPA issued, and Plaintiff received, a Final Agency Decision regarding Plaintiff's formal complaint. EPA concluded Plaintiff failed to show its actions were discriminatory and thus denied his administrative complaint.

30. The Final Agency Decision also included a Notice of Right to Sue letter.

31. Less than 90 days have passed since EPA issued the Final Agency Decision and Notice of Right to Sue letter.

**Count 1: Discrimination on the Basis of Sex and Sexual Orientation in Terminating Plaintiff's Employment**

32. Because Plaintiff is gay, he is part of a protected class.

33. EPA took an adverse action against Plaintiff when it terminated his employment.

34. EPA did not take that action against similarly situated straight men.

35. Thus, EPA took those actions because of Plaintiff's sex or sexual orientation.

36. EPA's discriminatory actions caused Plaintiff economic or financial harm.

37. Therefore, EPA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

**Count 2: Discrimination on the Basis of Sex and Sexual Orientation in Placing Plaintiff on Administrative Leave**

38. Because Plaintiff is gay, he is part of a protected class.

39. EPA took an adverse action against Plaintiff when it placed him on administrative leave.

40. EPA did not take that action against similarly situated straight men.

41. Thus, EPA took those actions because of Plaintiff's sex or sexual orientation.

42. EPA's discriminatory actions caused Plaintiff economic or financial harm.

43. Therefore, EPA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment for Plaintiff against Defendant as follows:

A. An Order awarding monetary damages including, but not limited to any actual, statutory, compensatory, punitive, incidental, or consequential damages in an amount to be determined by the Court or jury;

6

B. An Order awarding declaratory relief that Plaintiff is entitled to retain all salary EPA paid between February 14, 2025, and April 9, 2025, and that EPA has no right to recover this salary;

C. An Order awarding interest at the maximum allowable legal rate on the foregoing sums; and

D. Such further relief as the Court may deem just and proper.

Jacob M. Podell, Pro Se
6007 N. Sheridan Rd., Apt. 28C
Chicago, IL 60660
podelljacob@gmail.com
(248) 867-8071

7

**United States District Court**
**Northern District of Illinois**
**Eastern Division**

JACOB MAYER PODELL,

       Plaintiff,

    v.

LEE MICHAEL ZELDIN, U.S.
ENVIRONMENTAL PROTECTION AGENCY
ADMINISTRATOR,

       Defendant.

No. []

Judge []
Magistrate Judge []

**JURY DEMAND**

Plaintiff demands a trial by jury.

_____
Jacob M. Podell
6007 N. Sheridan Rd., Apt. 28C
Chicago, IL 60660
podelljacob@gmail.com
(248) 867-8071